UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 25-35-DLB

ALLEN WILEY III                                                               PLAINTIFF

v.                      **MEMORANDUM ORDER**

SHAWN MCKENZIE, ET AL.                            DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

On March 24, 2025, Kentucky inmate Allen Wiley III filed a *pro se* civil rights complaint alleging Eighth Amendment excessive force claims against various officials at the Eastern Kentucky Correctional Complex ("EKCC") pursuant to 42 U.S.C. § 1983. (Doc. # 1). The Court screened Wiley's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A and allowed his claims against some of the defendants to proceed. (Doc. # 6). Defendant Ryan Mullins filed a motion to dismiss the claim against him based on the statute of limitations (Doc. # 21) and Wiley filed a response in opposition (Doc. # 22).

Thereafter, the Court learned that Wiley filed a similar § 1983 action in state court in September 2024. The Court directed the defendants to tender a status report regarding the status of Wiley's state-court lawsuit and the defendants' position on abstention pursuant to *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). (Doc. # 23). The defendants tendered a status report asserting that the Court should abstain under *Colorado River* (Doc. # 25) and Wiley filed a response in opposition (Doc. # 27). Most recently, Wiley filed a motion asking the Court to reconsider its

screening order dismissing the claims against Defendants Shawn McKenzie and David Vance. (Doc. # 29). The Court considers all of these issues now.

I.

The defendants' counsel reports that Wiley filed a similar action in Franklin Circuit Court on September 15, 2024. See *Wiley v. McKenzie, et al.*, 24-CI-1017. On February 6, 2025, the Franklin Circuit Court concluded that venue was improper and ordered that the matter be transferred to Morgan Circuit Court. However, the transfer did not occur. An employee of the Franklin Circuit Clerk's office informed defendants' counsel that Wiley's case file was among numerous records that were destroyed as a result of flooding. (Doc. # 25 at 1-2). The employee contacted the Morgan Circuit Clerk's Office to determine whether printed copies of the scanned file would be acceptable to effectuate the transfer. While the Court is unaware of the Morgan Circuit Clerk's decision, the defendants report that the transfer "is in process, but delayed." *Id.* at 2.

Despite federal courts' "virtually unflagging obligation" to exercise their jurisdiction, "considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) (citing *Colorado River*, 424 U.S. at 817. However, having fully considered the matter, Court declines to exercise its discretion to abstain from this action under *Colorado River*.

In determining whether abstention is appropriate, the Court must first assess whether this action and the state court action are parallel. *See Romine*, 160 F.3d at 339 (citing *Crawley v. Hamilton County Comm'rs,* 744 F.2d 28 (6th Cir.1984)). Having reviewed the record in each case, the Court concludes that Wiley's state-court lawsuit is

2

parallel to the instant matter. First, contrary to Wiley's assertion, the state-court action remains pending. Further, "exact parallelism" of the cases is not required; "[i]t is enough if the two proceedings are substantially similar." *Romine*, 160 F.3d at 340 (quoting *Nakash v. Marciano,* 882 F.2d 1411, 1416 (9th Cir.1989)). In each case, Wiley alleges that officials at the EKCC violated his constitutional right to be free from excessive force during incidents on November 23, 2023 and June 29, 2024. Moreover, the state court complaint includes allegations against eight of the ten defendants named in the federal complaint, plus an additional defendant not named in the federal complaint. *See Preferred Care of Delaware v. VanArsdale*, 676 F. App'x 388, 394 (6th Cir. 2017) (observing that an additional party in state proceeding did not "upset an otherwise substantial symmetry between a federal and state action").

Having determined that the two actions are parallel, the Court must determine whether it should defer to the concurrent jurisdiction of the state court. The Sixth Circuit has supplied the following list of factors to consider in determining whether abstention is appropriate:

> (1) whether the state has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation . . . (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340-41 (citations omitted).

The second, fourth, fifth, and eighth factors weigh in favor of abstention. The events described in the complaint are alleged to have occurred at the EKCC, which is located in Morgan County. Accordingly, the defendants and potential witnesses are likely

3

to be closer to the Morgan County Circuit Court than the federal courthouse in Ashland, which is over 60 miles away from the EKCC. *See PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001) (observing that this factor relates to "geographical considerations, not to the relative jurisdictional scope of state versus federal courts"). Additionally, Wiley filed the state-court action approximately six months before he filed his complaint in federal court. And the source of governing law is federal since Wiley alleges constitutional claims against the defendants under 42 U.S.C. § 1983. Finally, concurrent jurisdiction exists in this case as both the state and federal court have jurisdiction to entertain Wiley's § 1983 claims.

The remaining factors are either neutral or weigh against abstention. With respect to the first factor, the court has not assumed jurisdiction over any property. The third factor is neutral, at best. The Sixth Circuit has observed that "[p]iecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341 (citation omitted). However, concurrent litigation alone does not present a danger of piecemeal litigation sufficient to warrant abstention. *See Karkas v. McKeown*, 783 F. Supp. 1028, 1032 (E.D. Mich. 1992) (observing that "[t]he mere duplicativeness of a parallel state and federal proceeding . . . is insufficient to justify abstention"). As the Sixth Circuit emphasized in *Answers in Genesis of Kentucky, Inc. v. Creation Ministries International, Ltd.,* 556 F.3d 459 (6th Cir. 2009), this "most important" factor involves considering whether there is "'a clear federal policy evinc[ing] ... the avoidance of piecemeal litigation' found within the statutory scheme at issue." No such policy exists here. *See Beck v. State of Cal.*, 479 F. Supp. 392, 398 (C.D. Cal. 1983) (observing that "[a]ctions under 42 U.S.C. § 1983 are

4

commonly maintained in federal court and do not involve the considerations" present in *Colorado River*).

In light of the unique circumstances presented, the sixth and seventh factors also weigh against abstention at this time. While this Court ordinarily would not question the state court's ability to protect Wiley's rights, the loss of Wiley's file due to flooding leaves the future of the state court proceeding uncertain. Relatedly, the state-court action has not progressed significantly despite its commencement six months earlier than the federal action.

Abstention "is the exception, not the rule" and should rarely be invoked. *See Ankenbrandt v. Richards*, 504 U.S. 689, 702 (1992). On balance, the exceptional circumstances necessary to support abstention do not exist in this case. Accordingly, the Court declines to abstain under *Colorado River* at this time.

**II.**

The Court now turns to Defendant Ryan Mullins's motion to dismiss.[1] (Doc. # 21). Wiley alleges that Defendant Mullins hit him in the face with a door and slammed him into a concrete wall on November 22, 2023. (Doc. # 1 at 4). Mullins seeks dismissal of this claim as untimely. A Rule 12(b)(6) motion "is generally an inappropriate vehicle for dismissing a claim based upon a statute of limitations." *Engleson v. Unum Life Ins. Co. of America*, 723 F.3d 611, 616 (6th Cir. 2013). However, dismissal under Rule 12(b)(6) is warranted if the allegations in the complaint affirmatively show that the claim is time-barred. *Id*. If the defendant meets its initial burden to show that the statute of limitations

---

[1] To defendants contend that, to the extent Wiley asserts § 1983 claims against any other defendants arising out of the alleged November 22, 2023 incident, they too should be dismissed based upon the statute of limitations. The Court agrees that such claims would be untimely, but Wiley only names Mullins with respect to the November 22, 2023 incident.

5

has run, "then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013).

Because 42 U.S.C. § 1983 does not provide its own limitations period, federal courts borrow the most analogous statute of limitations from the state where the events occurred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). In Kentucky, that is Ky. Rev. Stat. § 413.140(1)(a), which establishes a one-year limitations period for personal injuries. *Bonner v. Perry*, 564 F.3d 424, 430-31 (6th Cir. 2009); *Brown v. Wigginton*, 981 F.2d 913, 914 (6th Cir. 1992) ("There is also no dispute that in Kentucky there is a one-year statute of limitations on section 1983 actions."). In contrast, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, a claim accrues when the plaintiff becomes aware of the injury that forms the basis for his claims. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015).

Here, Wiley's excessive force claim accrued on November 22, 2023—the date he claims Defendant Mullins subjected him to excessive force. *See Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2003) (holding that an excessive force claim generally accrues on the date the plaintiff was subject to excessive force). Since Wiley did not file his complaint in federal court until March 24, 2025, his claim against Mullins is clearly barred by the statute of limitations and will be dismissed.

### III.

Finally, the Court considers Wiley's motion for reconsideration. (Doc. # 29). Wiley contends that the Court erred when it dismissed his claims against Shawn McKenzie and David Vance. However, Wiley does not identify "(1) a clear error of law; (2) newly

discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice" that would warrant reconsideration. *See Howard v. Magoffin Cnty. Bd. of Educ.*, 830 F. Supp. 2d 308, 319 (E.D. Ky. 2011) (quoting *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).  Instead, Wiley only makes conclusory allegations that McKenzie and Vance were directly involved in depriving him of constitutional rights.  Accordingly, Wiley's motion for reconsideration will be denied.

**IV.**

Defendants Henderson, Felton, Francis, Elam and Darby have filed an answer to Wiley's complaint.  (Doc. # 14).  *Pro se* prisoner actions are exempt from the initial disclosure requirements of Rule 26(a) of the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 26(a)(1)(B)(iv), and this Court exempts such matters from the scheduling order requirement of Rule 26(b), *see* Local Rule 16.1(c).  The Court will therefore assign this matter to a Magistrate Judge for pretrial management.

**V.**

Based on the foregoing, it is **ORDERED** as follows:

1. The Court **DECLINES** to invoke *Colorado River* abstention.

2. Defendant Ryan Mullins's motion to dismiss (Doc. # 21) is **GRANTED**.  Mullins shall be terminated as a party to this action.

3. Plaintiff Wiley's motion for reconsideration (Doc. # 29) is **DENIED**.

4. Pursuant to 28 U.S.C. § 636(b), this matter is **REFERRED** to a United States Magistrate Judge for further proceedings, including preparing proposed findings of fact and recommendations with respect to any dispositive motions and overseeing the discovery process.

5. The Clerk of the Court is directed to assign this matter to a United States Magistrate Judge pursuant to General Order 23-10, Paragraph (2).

This 20th day of August, 2025.



Signed By:

*David L. Bunning*   DB

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Wiley 0-25-35 Colorado River Order.docx